H. E. NEWTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. H. NEWTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9626, 9627. Promulgated August 23, 1927.

1. In determining a net loss under section 204(a) of the Revenue Act of 1921 an individual may not deduct from gross income a loss upon an investment in shares of stock in a corporation.

2. Each of the petitioners in 1921 loaned $13,908.84 to the Forsyth Trading Co., taking its demand note therefor. In 1922 each received $3,300 on his note. In the same year it was apparent that practically nothing would be received upon final liquidation of the corporation which was completed in 1924. The additional amounts received by each in 1923 and 1924 totaled $1,626.24. *Held*, that the loss sustained by each in 1922 on said notes was $8,982.60.

*James L. Fort, Esq.*, for the petitioners.
*J. L. Deveney, Esq.*, for the respondent.

These proceedings were consolidated for the purpose of hearing and decision. The appeal of H. E. Newton is from the determination of a deficiency of $106.72, and that of W. H. Newton from the determination of a deficiency of $105.33, both income tax for 1922. The pleadings in each appeal set up identical assignments of error as follows:

1. Because from the income of taxpayer for the year 1922, in the approximate amount of $9,724.05, is not deducted the net loss sustained for the calendar year 1921 in the approximate sum of $14,496.48. In the loss for the year 1921 is included a loss on the sale of stock in the amount of $30,587.83.

2. Because the income for the year 1922 has not been reduced by a loss totaling $10,608.84, evidenced by loss on worthless notes sustained during the year 1922.

### FINDINGS OF FACT.

The petitioners are brothers. In 1920 each purchased 500 shares of stock of the Quitman Cotton Mills, a corporation having an outstanding capitalization of 3,000 shares. The cost of such stock purchased to each petitioner was $37,500. The Quitman Cotton Mills was liquidated in 1921 and each of the petitioners sustained a loss of $30,587.83 on his investment in the stock of the corporation and the amounts of the losses sustained were allowed as deductions from gross income in the petitioners' respective individual returns for 1921. The petitioners were also interested as stockholders and directors of the Quitman Cotton Mills during 1921 and directed and supervised purchases and sales incident to the operation of the corporation. The petitioners, together with their father, also owned and operated a cotton mill known as the Trio Manufacturing Co., at Forsyth, Ga., during the years 1921 and 1922.

In the returns of the petitioners for the year 1922 deductions were claimed for net losses sustained by them in 1921, which deductions were disallowed by the Commissioner.

In 1921 the petitioners loaned the Forsyth Trading Co., a corporation engaged in the farmers' supply and automobile business at Forsyth, Ga., $27,817.68, each of the petitioners receiving a demand note therefor in the amount of $13,908.84. Each of the petitioners was a stockholder of this corporation, owning $2,800 of the capital stock. Payments were made on the notes in 1921 and 1922, the total amount received on each note being $3,300.

The Forsyth Trading Co. did a large credit business. In 1921 the price of cotton declined from 45 cents per pound to 20 cents per pound and the farmers and debtors of the Forsyth Trading Co. were unable to meet their obligations. The price of cotton declined still further in 1922 and the notes of the farmers held by the Forsyth Trading Co. became temporarily, at least, worthless. The Forsyth Trading Co. became insolvent and it was decided to liquidate the corporation. The petitioners, being the largest creditors, took charge of the assets of the company for the purpose of liquidating them. This was in the late spring or summer of 1922. By the end of 1922 it became apparent to the petitioners that they, with the other creditors, would receive very little from the corporation in satisfaction of their indebtedness. Accordingly, in their returns for 1922 each

claimed the deduction from gross income of the balance of his claim against the Forsyth Trading Company, amounting in each case to $10,608.84.

Each of the petitioners received additional amounts totaling $1,626.24 from the Forsyth Trading Co. in 1923 and 1924. The liquidation was completed in 1924. Neither petitioner kept individual books of account.

### OPINION.

SMITH: In *Appeal of J. J. Harrington*, 1 B. T. A. 11, we held that losses upon investments in shares of stock by an individual are not legal deductions from gross income in determining the net loss under section 204 of the Revenue Act of 1921. A like ruling was made by the Board in *Fridolin Pabst* v. *Commissioner*, 6 B. T. A. 843. See also *Harry J. Gutman* v. *Commissioner*, 7 B. T. A. 500. We see nothing in the cases at bar which would differentiate them from the above.

Section 214(a)(5) of the Revenue Act of 1921 permits an individual to deduct from gross income in annual tax returns:

Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

Subdivision (6) of the same section provides:

* * * Losses allowed under paragraphs (4), (5), and (6) of this subdivision shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period. * * *

Subdivision (7) of the same section permits the deduction of:

Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

It was manifestly the intention of Congress to permit an individual making income-tax returns under the Revenue Act of 1921 to deduct from gross income the losses sustained in the return year and also to permit him to deduct debts ascertained to be worthless during the year, provided, of course, the amount was charged off during the year. Since the petitioners kept no books of account the requirement that the bad debts be charged off before they can be claimed as a deduction does not apply to them. The loss actually sustained by each petitioner in 1922 as a result of his loan to the Forsyth Trading Co. was $8,982.60. In addition to this loss each of the petitioners sustained a loss of $2,800 as a result of his invest-

ment in the stock of the Forsyth Trading Co. This amount is also a legal deduction from gross income in 1922.

> *Judgments will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON.